UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ANNE F. GIBB, | |
| Plaintiff, | |
| v. | Action No. 3:10–CV–656 |
| COX MEDIA, LLC, <br> COX COMMUNICATIONS HAMPTON ROADS, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' Motion to Transfer Divisional Venue. (Doc. No. 3.) Defendants move the Court to transfer this matter to the Newport News Division of the United States District Court for the Eastern District of Virginia. Plaintiff opposes a transfer. For the reasons stated below, Defendants' Motion is HEREBY GRANTED.

**I.   BACKGROUND**

Plaintiff Gibb is a former employee of Defendants Cox Media, LLC and Cox Communications Hampton Roads, LLC (collectively "Cox"). Plaintiff filed a lawsuit against Defendants in the Circuit Court for the City of Richmond alleging violations of the Americans with Disabilities Act and Family and Medical Leave Act. Defendants removed.

**II.   LEGAL STANDARD**

Under 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Local Civil Rule 3 sets forth the requirements for divisional venue within the Eastern District of Virginia. The Rule provides that "[c]ivil actions for which venue is proper in this district shall be brought in the proper division, as well." Local Civ. R. 3(C). The Rule further provides that, "[f]or the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 et seq. shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" Id. Thus, venue is proper in the Eastern District of Virginia in a division where: (1) a defendant resides, if all defendants reside in Virginia; (2) a substantial part of the alleged acts or omissions giving rise to the claim occurred; or (3) the defendant can be found if there is no other division where the action can be brought.

A district court may, in its discretion, transfer a case upon motion, "from the division in which [it is] pending to any other division in the same district." 28 U.S.C § 1404(b).

### III. <u>DISCUSSION</u>

  a. <u>Venue is Proper in the Newport News Division Pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3</u>

Defendants argue that this matter should be heard in the Newport News Division of this Court instead of the Richmond Division. Defendants point out that Plaintiff alleges in her Complaint that her place of employment was in Newport News and that the relevant acts and omissions happened in the workplace. As such, Defendants assert that both 28 U.S.C § 1391(b) and Local Civil Rule 3(C) require that venue lie in Newport News.

Plaintiff argues venue is proper in the Richmond Division. Plaintiff's justification is that Defendants removed the action, and case law holds that when an action is removed to a particular court, venue only lies in that court pursuant to 28 U.S.C § 1441(a). Plaintiff cites Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953), for the proposition that, after a case is removed, venue lies in that court pursuant to 28 U.S.C § 1441(a).  Plaintiff interprets the Court's holding that 28 U.S.C § 1391 had "no application to" that case because it was removed to mean that a case cannot be transferred after it is removed. See id.  Thus, Plaintiff maintains 28 U.S.C. § 1391 is not applicable to the instant case.

>28 U.S.C. § 1441, the general removal statute, provides
>
>[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C § 1441(a). While Plaintiff interprets this statute to mean a case cannot be transferred after being removed, Defendants argue that all the statute does is identify the court to which removal must be made in the first instance. Defendants maintain that the statute does not prevent a transfer after removal. See Heft v. AAI Corp., 355 F. Supp. 2d 757, 772-73 (M.D. Pa. 2005) ("[t]hat an action must be removed to the 'district and division embracing the place where such action is pending,' 28 U.S.C. § 1441(a), does not suggest that the case cannot thereafter be transferred to another district or another division. . . . An action may be removed to only one forum but it may thereafter be transferred to any venue permitted by federal law.").  See also BHP Int'l Inv., Inc. v. OnLine Exch., Inc., 105 F. Supp. 2d 493 (E.D. Va. 2000) (granting motion to transfer venue in a case that had been removed).

Thus, removal was proper only to the Richmond Division, but there is nothing that prevents the case from being transferred to the Newport News Division.

The Court finds that this case may be transferred, despite having been removed to this Court. The question before the Supreme Court of the United States in <u>Polizzi</u> was whether the district court had correctly dismissed a case for want of jurisdiction after looking to the general venue statute in a case that had been removed. <u>Polizzi</u>, 345 U.S. at 665. The Court held that the trial court erred in looking at the general venue statute, 28 U.S.C. § 1391, to determine if the court had jurisdiction, and that the trial court should have looked to the general removal statute, 28 U.S.C. § 1441, instead. <u>Id</u>. Nothing in <u>Polizzi</u> suggests a case cannot be transferred after being properly removed.

  b. <u>Transfer to the Newport News Division is Appropriate Under 28 U.S.C. § 1404</u>

Defendants assert that 28 U.S.C. § 1404 also provides a basis for transferring this case to the Newport News Division of this Court. This statute allows a court to transfer a case to another division where the case could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "[28 U.S.C.] § 1404 applies where jurisdiction and venue in the current forum are proper . . . but where a party claims that another venue would be more convenient." <u>Terry v. Walker</u>, 369 F. Supp. 2d 818, 821 (W.D. Va. 2005).

The trial court has discretion to decide whether to transfer a case. <u>Id</u>. In so deciding, courts must consider:

> (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local

4

controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and [(7)] the interest of justice.

BHP Int'l Inv., Inc., 105 F. Supp. 2d at 498. A court must typically give substantial weight to the plaintiff's choice of forum, and the defendant must prove "convenience and justice are strongly in favor of transfer to another forum." Terry, 369 F. Supp. 2d at 822. If, however, "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992).

Defendants assert that the most important factors to consider are "plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice," Mullins v. Equifax Info. Servs., LLC, 2006 U.S. Dist. LEXIS 24650, *16 (E.D. Va. Apr. 28, 2006), and that each of these factors counsels in favor of a transfer.

First, Defendants argue that Plaintiff's choice of forum counsels in favor of a transfer because Plaintiff's sole connection to Richmond is that she now lives in the city, having moved before filing this action. Defendants assert that, because Plaintiff's claims have little nexus with the Richmond Division, this factor weighs in favor of transferring the case.

Defendants next assert that witness convenience counsels in favor of a transfer. All fact witnesses are likely to be located in Newport News, as that is where Plaintiff worked and where her causes of action arose. At most, there will be expert witnesses who are located in Richmond. Because experts are typically compensated for their time, however, Defendants argue that they should not be considered in the § 1404 analysis.

Defendants assert that the third important factor, access to sources of proof, counsels in favor of a transfer because most, if not all, relevant records were prepared and

5

are maintained in Cox's Newport News office. Cox does not maintain an office in Richmond nor does it conduct any of its telecommunications business in the Richmond area.

The "convenience to parties" factor also counsels in favor of a transfer. Because Cox does not have an office or any business in the Richmond Division, litigating this case in Richmond poses an inconvenience to Defendants. Furthermore, all of the fact witnesses are likely to be Cox employees who live in Newport News and would have to travel to Richmond for discovery and trial. Defendants argue that the burden on them outweighs the burden on Plaintiff because Plaintiff has counsel based in Newport News and, if the matter is transferred to Newport News, Defendants would be willing to depose Plaintiff and any Richmond-based witnesses in Richmond.

Finally, Defendants assert that the interest of justice dictates that this case be transferred. Defendants argue that the interest in having local controversies decided locally requires the case to be heard in Newport News. Furthermore, there is no question that the events central to this case occurred in Newport News and that Plaintiff was a Newport News resident when her causes of action arose. Finally, without a transfer, Richmond's jury pool would have to decide a case that arose in Newport News, which is time consuming and inconvenient for them.

Plaintiff urges the Court to deny a transfer and allow the action to proceed in the Richmond Division because she lives and has substantial contacts in the Richmond area. Plaintiff's brother, with whom she lives, resides in Chester, Virginia. Plaintiff depends heavily on her brother and his family for emotional support and transportation. Plaintiff also states that Needle's Eye Ministries, Inc. is located in Richmond. Plaintiff explains that the organization has been a critical source of support for her since she was terminated

from Cox and that employees of the organization have witnessed the effect her termination has had on her. The organization also helps Plaintiff pay rent.

Plaintiff states in her affidavit that her psychiatrist, psychologist, and pulmonologist, all of whom she anticipates calling as witnesses at trial, work in Richmond. Plaintiff's primary care physician, who may be called as a witness, is also in Richmond. Plaintiff further states that she filed for bankruptcy in April 2010 in Richmond, and that she relied on her lawyer to figure out where she should file the petition. Finally, Plaintiff states that she is seeking employment in Richmond and is confident she will find a job within the next few weeks. In light of her health issues, the location of her doctors, her current residence, and anticipated place of employment, Plaintiff requests that the Court not transfer the case because litigating in Richmond is more convenient for her than any other location.

Because the factors to be considered in determining whether a case should be transferred pursuant to 28 U.S.C. § 1404 counsel in favor of a transfer, the Court finds that a transfer to the Newport News Division is appropriate.

## IV. **CONCLUSION**

Because the case law does not support Plaintiff's claim that a case cannot be transferred after it is removed; venue does not lie in the Richmond Division on the facts of this case; and most, if not all, of the factors to be considered in determining whether to transfer pursuant to § 1404 counsel in favor of a transfer, the Court GRANTS Defendants' Motion to Transfer.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge


ENTERED this   8th   day of November 2010